RE NO: WR-73-707-01
NO. A06-351

73,707-05

EX PARTE
MARTIN SALINAS

VS

THE 216TH DISTRICT
COURT OF KERR
COUNTY, TEXAS

§
§
§
§
§
§
§

COURT OF

CRIMINAL APPEALS

AUSTIN, TEXAS

TRAVIS COUNTY,
TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 27 2015
Abel Acosta, Clerk

## MOTION
## APPLICATION FOR WRIT OF
## MANDAMUS

TO THE HONORABLE   JUSTICE OF SAID COURT:

NOW COMES MARTIN SALINAS, RELATOR/APPLICANT, ACTING PRO-SE IN THIS CASE AND FILES THIS MOTION APPLICATION FOR WRIT OF MANDAMUS IN VIOLATION OF DUE PROCESS AND FIFTH & SIXTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND WILL SHOW THE FOLLOWING:

### "11.07 HABEAS CORPUS RELIEF"

1) THE HABEAS COURT HAD UNREASONABLY APPLIED THE CONSTITUTIONAL EFFECTIVE ASSISTANCE STANDARDS LAID OUT IN STRICKLAND-V-WASHINGTON 466 U.S. 668, 2052, AND HILL-V-LOCKHART, 474 U.S. 52, THE THE DISTRICT COURT GRANTED A CONDITIONAL WRIT AND ORDERED SPECIFIC PERFORMANCE OF THE ORIGINAL PLEA OFFER, THE SIXTH CIRCUIT AFFIRMED. APPLYING STRICKLAND IT FOUND THAT COUNSEL HAD PROVIDED DEFICIENT PERFORMANCE RESPONDENT SUFFERED BECAUSE HE LOST THE OPPORTUNITY TO TAKE THE MORE FAVORABLE SENTENCE OFFERED IN THE PLEA.

MISSOURI-V-FRYE CITE AS 566 U.S. __ (2012)
311 SW. 3d 350

HABEAS CORPUS - 665.1, 898 (3)

THIS MOTION APPLICATION FOR WRIT OF MANDAMUS. AN ORIGINAL OR SUBSEQUENT APPLICATION FOR WRIT OF 11.07 HABEAS, CORPUS, RELIEF.

1

2) A JURY CONVICTED APPELLANT FOR AGGRAVATED ASSAULT WITH DEADLY WEAPON AND SENTENCE HIM TO 60 (SIXTY) YEARS IN PRISON.

3) APPLICANT FILE AN 11.07 HABEAS CORPUS, AND IN FEBRUARY 22, 2016 THE COURT OF CRIMINAL APPEALS REMANDED THE CASE TO THE TRIAL COURT EX PARTE MARTIN SALINAS NO. WR-73-707-01 ORDER. APPLICANT CONTENDS THAT HIS TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BECAUSE "INTER ALIA" SHE PREVENTED HIM FROM TESTIFYING IN HIS DEFENSE AND DID NOT ADEQUATELY INVESTIGATE THE CASE. APPLICANT HAS ALLEGED FACTS THAT, IF TRUE, MIGHT ENTITLE HIM TO RELIEF. STRICKLAND -V- WASHINGTON, 466 U.S 608 (1984)

EX PARTE LEMKE, 13 SW. 3d 791, 795, 96 (TEX. CRIM. APP. 2000).

THE COURT OF CRIMINAL APPEALS DENIED APPLICANTS 11.07 HABEAS CORPUS WRIT ON THE FINDING OF THE HABEAS COURT. REJECTING THE INEFFECTIVE-ASSISTANCE CLAIM ON THE GROUND'S. AT THE REQUEST OF APPLICANT'S TRIAL ATTORNEY, AN ATTORNEY WITH GREATER EXPERIENCE AS A CRIMINAL DEFENSE ATTORNEY ASSISTED APPLICANTS ATTORNEY DURING THE TRIAL, AND ALL AGREED THAT APPLICANT WAS NOT GOING TO TESTIFY.

THE STATE HABEAS TRIAL COURT FOUND THAT ELLISON DURING THE BREAK IN THE TRIAL TOLD SALINAS IN PEARSON'S PRESENCE THAT HE HAD THE RIGHT TO TESTIFY, ID. ATII SALINAS ACCEPTED ELLISON AND PEARSON ADVICE NOT TO TESTIFY.

THE STATE HABEAS TRIAL COURT HELD THAT PEARSON "WAS NOT" DEFICIENT FOR PREVENTING (SALINAS) FROM TESTIFYING, (SALINAS) WAS INFORMED OF HIS RIGHT TO TESTIFY IN HIS OWN DEFENSE, AND THAT WAS HIS DECISION WHETHER TO TESTIFY [SALINAS] DECIDED NOT TO TESTIFY."

2.

4) THERE ARE NO FACTS TO SUPPORT THE FINDINGS AND CONCLUSION OF THE HABEAS TRIAL COURT, THE HABEAS JUDGE ONLY ACCEPTED MR. ELLISON'S TESTIMONY, BY ACCEPTING MR. ELLISON'S TESTIMONY AS IF HE WAS CO-COUNSEL WITH MS. PEARSON. THIS CONCLUSION IS MISCARRIAGE OF JUSTICE, THE RECORD SHOWS, THAT MR. ELLISON WAS NOT APPLICANTS ATTORNEY AND THE STATE HABEAS COURT, "DEFINDING" FOR WHAT IT WAS.

(STATE QUESTIONING MS. PEARSON)
TRIAL ATTORNEY

THE STATE HABEAS JUDGE ACKNOWLEGED THAT MR. ELLISON WAS NEVER OFFICIALLY APPOINTED AS CO-COUNSEL. (EV. H. P. 138)
THE STATE:

Q- THEN WE HAD -WE- YOU DID HAVE CO-COUNSEL?

MR. STEADMAN: YOUR-HONOR, IM GOING TO OBJECT MR. ELLISON WAS NEVER OFFICIALLY APPOINTED AS CO-COUNSEL. AND WE SAID HE APPEARED AS A MENTOR, I MEAN I THINK IT NEEDS TO BE DEFINED FOR WHAT IT WAS.

THE COURT: THE OBJECTION IS "SUSTAINED" WITH REFERENCE TO THE WORD MR. ELLISON BEING CO-COUNSEL.

MR. ELLISON WAS NOT APPLICANT'S ATTORNEY AND THE HABEAS TRIAL COURT PLACED MORE WEIGHT ON MR. ELLISON'S TESTIMONY AS TO THE RECOLLECTION OF THE TESTIMONY OF APPLICANT'S TRIAL ATTORNEY.

THE HABEAS COURT ABUSED OF DISCRETION BY NOT TAKING MS. PEARSON TESTIMONY, OR APPLICANT'S TESTIMONY THAT CONTRADICTS THE FACTS AND CONCLUSION OF THE HABEAS COURT, FINDINGS

5) THE FACTS ARE THE HABEAS COURT DID NOT TAKE INTO CONSIDERATION ANY OTHER TESTIMONY, BUT MR. ELLISON'S ALONE. TRIAL ATTORNEY MS. PEARSON TESTIFY TO THE FOLLOWING

3.

Q- SO WHAT THAT INFERS IS - AT LEAST DURING THE TRIAL YOU NEVER DISCUSSED HIS RIGHT TO TESTIFY WITH HIM.

A- I DID NOT, NO.

Q - OKAY, AND IN FACT, PRIOR TO TRIAL HE HAD EXPLAINED TO YOU THAT HE WANTED TO TESTIFY?

A- YES I DO RECALL THAT.

(EV. H. P. 115)

Q- SO WHEN THE APPLICANT, MR. SALINAS, STATES IN HIS -- IN HIS PETITION THAT -- IN HIS APPLICATION THAT COUNSEL REFUSEDED TO LET PETITIONER TESTIFY ON HIS OWN BEHALF, WHEN IN FACT HE TOLD YOU THAT HE WANTED TO BECAUSE IT WOULD PROVE HIS INNOCCENCE, THAT YOU REFUSE TO ALLOW HIM TO TESTIFY. DO YOU AGREE OR DISAGREE WITH THAT STATEMENT, NT?

A- WELL, THAT -- YOU KNOW I JUST -- I HAVE TO TAKE TO ACCOUNT MR. ELLISON'S TESTIMONY AS WELL.

Q- WELL I'M NOT. --

A- I CAN TELL YOU THAT MR. SALINAS WANTED TO TESTIFY, THAT WITHOUT A DOUBT.

(EV. H. P. 116)

Q- OKAY - DO YOU FEEL -- DO YOU AGREE BASED ON YOUR INFORMATION ALONE THAT YOU REFUSED TO LET HIM TESTIFY AS HE STATES IN HIS APPLICATION?

A- BY MY INFORMATION ALONE?

Q- YES.

A- YES?

(EV. H. P. 123)

Q- DO YOU FEEL THAT BASED UPON THE INFORMATION THAT WAS AVAILABLE ONLY TO YOU THAT WHETHER OR NOT HIS RIGHT TO TESTIFY ON HIS BEHALF THAT YOU PREVENTED HIM FROM DOING SO?

A- YES.

4.

6) IF REVIEW OF A STATE-COURT JUDGMENT IS SOUGHT, SPECIFICATION OF THE STAGE IN THE PROCEEDINGS, BOTH IN THE COURT OF FIRST INSTANCE AND IN THE APPELLATE COURTS, WHEN THE FEDERAL QUESTIONS SOUGHT TO BE REVIEWED WERE RAISED; THE METHOD OR MANNER OF RAISING THEM AND THE WAY IN WHICH THEY WERE PASSED ON BY THOSE COURTS; AND PERTINENT QUOTATIONS OF PORTIONS OF THE RECORD OR SUMMARY THEREOF, WITH SPECIFIC REFERENCE TO THE PLACES IN THE RECORD WHERE THE MATTER APPEARS (E.G. COURT OPINION, RULING ON EXCEPTION, PORTION OF COURTS CHARGE AND EXCEPTION THERETO, ASSIGNMENT OF ERROR) SO AS TO SHOW THAT THE FEDERAL QUESTION WAS TIMELY AND PROPERLY RAISED AND THAT THIS COURT HAS JURISDICTION TO REVIEW THE JUDGMENT. ANY OTHER RELEVANT OPINIONS, FINDINGS OF FACT, AND CONCLUSIONS OF LAW ENTERED IN THE CASE BY COURTS SHOULD ADDRESS ANY PERCEIVED MISSTATEMENT OF FACT OR LAW IN THE PETITION THAT BEARS ON WHAT ISSUES PROPERLY WOULD BE BEFORE THE COURT.

TO JUSTIFY THE GRANTING OF A WRIT OF HABEAS CORPUS, THE APPLICANT MUST SHOW THAT EXCEPTIONAL CIRCUMSTANCES WARRANT THE EXERCISE OF THE COURT'S DISCRETIONARY POWERS, AND THAT ADEQUATE RELIEF CAN NOT BE OBTAINED IN ANY OTHER FORM OR FROM ANY OTHER COURT.

## ( COURT OF CRIMINAL APPEAL'S ) ORDER

THE TRIAL COURT SHALL MAKE SPECIFIC FINDINGS OF FACT AS TO WHETHER TRIAL COUNSEL ADVISED APPLICANT OF HIS RIGHT TO TESTIFY ON HIS OWN BEHALF, AND IF SO, WHETHER SHE PREVENTED HIM FROM EXERCISING THAT RIGHT. IF THE TRIAL COURT FINDS APPLICANT'S RIGHT TO TESTIFY IN HIS DEFENSE WAS VIOLATED, THE TRIAL COURT SHALL DETERMINE WHETHER THIS VIOLATION PREJUDICED THE DEFENSE UNDER STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.CT. 2052, 80 L.ED. 2d 674 (1984)

5

# "NEWLY DISCOVERED EVIDENCE"

7) "IF A PLEA BARGAIN HAS BEEN OFFERED, A DEFENDANT HAS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN CONSIDERING WHETHER TO ACCEPT IT. IF THAT RIGHT IS DENIED, PREJUDICE CAN BE SHOWN IF LOSS OF HIS PLEA OPPORTUNITY LED TO A TRIAL RESULTING IN A CONVICTION ON MORE SERIOUS CHARGES OR THE IMPOSITION OF A MORE SEVERE SENTENCE."

LAFLER -V- COOPER CITE AS 566 U.S. ___ (2012)

( EVIDENTIARY HEARING, IN FRONT OF THE JUDGE )
P. 124-125

MR. STEADMAN: THERE IS ONE ISSUE THAT I THOUGHT WE NEED TO ADDRESS.

THE REPORTER: YOU WANT THIS ON THE RECORD?

THE COURT: YES, I GUESS SO. YES, GO HEAD. THE HEARING WILL RESUME.

MR. STEADMAN: YES SIR, WHEN I FIRST GOT APPOINTED TO THIS ABOUT A MONTH AGO I WENT OVER AND TALKED TO (MR. CURRY, DISTRICT ATTORNEY) CERTAIN ISSUES WHICH WERE COMING UP. IN ONE OF THE CONVERSATIONS I HAD WITH (MS. PEARSON TRIAL ATTORNEY) SHE RELAYED TO ME THAT A PLEA OFFER HAD BEEN MADE BUT THAT IT WAS DURING TRIAL SHE DIDN'T COMMUNICATE IT TO MR. SALAZAR BECAUSE SHE SAID HE WOULDN'T ACCEPT IT NOW MR. CURRY TOLD ME THAT MS. PEARSON TOLD HIM THE SAME THING. BASED UPON THAT I THINK MR. CURRY --- AND THAT'S WHY MRS. WILKE --- SHE'S AVAILABLE TO TESTIFY. AND TO MAKE A LONG-STORY SHORT, I THINK IT IS A MOOT POINT.
BUT THERE IS A DIFFERENCE OF OPINION AS TO WHETHER OR NOT THAT ACTUALLY OCCURRED AT TRIAL. MR. CURRY, AND I BOTH AGREED THAT EVEN THOUGH IT'S NOT-PART -- SPECIFICALLY THE APPLICATION PROCESS, BECAUSE IT WASN'T KNOWN AT THE TIME, IT -- IT GOES INTO WHETHER BECAUSE ---

THE COURT: EXCUSE ME, IT WASN'T KNOWN BY WHOM?

6

MR. STEADMAN: "IT WASN'T KNOWN BY-- MY CLIENT DIDN'T REALIZE" UNTIL AFTER SPEAKING WITH MS. PEARSON AFTER GETTING BACK HERE, THAT ISSUE HAD COME UP, AND-- BUT IT IS A MOOT ISSUE. I CAN PUT MY CLIENT ON THE, FOR THAT BRIEF PURPOSE BECAUSE THE STATE THROUGH MR. GRAY RE OFFERED. BECAUSE THE REMEDY IN THAT CASE IS AN OFFER-- IF A PLEA OFFER IS NOT COMMUNICATED TO THE DEFENDANT, THE REMEDY IS TO "REVERSE THE CASE" AND RE-INSTATE THE PLEA OFFER. MR. GRAY SPOKE TO MR. CURRY AND ACTUALLY REINSTATED THE PLEA OFFER BEFORE WE STARTED THESE PROCEEDING.

APPLICANT ASSERTS, HIS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO COMMUNICATE A PLEA OFFER DURING TRIAL. DETERMINATION CONSTITUTE A DENIAL OF DUE COURSE OF LAW IN VIOLATION OF ART. 1 §§ 13 AND 19, ART. IV & 112 OF THE TEXAS CONSTITUTION AND UNITED STATES CONSTITUTION AMENDMENT 6.

THE STATE HABEAS JUDGE NOT TAKING INTO CONSIDERATION THE FACT THAT TRIAL ATTORNEY DIDNOT COMMUNICATE A PLEA OFFER WITH APPLICANT, AND WEIGHTING THE FACTS, OBVIOUSLY WAS A ABUSE OF DISCRETION, SINCE THE EVIDENCE THAT WAS EXPOSED DURING APPLICANTS HABEAS HEARING IS A VIOLATION OF THE SIXTH AMENDMENT RIGHT, SAFE GUARDS TO AN ACCUSED WHO FACES INCARCERATION THE RIGHT TO COUNSEL AT ALL CRITICAL STAGES OF THE CRIMINAL PROCESS.
        EX PARTE TORRES, 943 SW. 2d 469 (TEX. CRIM APP 1997).

MANDAMUS - 4(1), 12
    MANDAMUS WILL ONLY BE ISSUE TO CORRECT A CLEAR ABUSE OF DISCRETION OR VIOLATION OF A DUTY IMPOSED BY LAW WHEN THAT ABUSE CAN NOT BE REMEDIED BY APPEAL.

MANDAMUS - 12
    UNDER THE MINISTERIAL ACT/CLEAR LEGAL RIGHT REQUIREMENT FOR GRANT OF MANDAMUS RELIEF, THE LAW MUST CLEARLY SPELL OUT THE DUTY TO BE PERFORMED WITH SUCH CERTAINLY THAT NOTHING IS LEFT TO THE EXERCISE OF DISCRETION.

MANDAMUS - 11
MANDAMUS REVIEW WHERE THE LAW IN QUESTION IS UNSETTLED OR UNCERTAIN" THE ACT MUST BE POSITIVELY COMMANDED AND SO PLAINLY PRESCRIBED UNDER THE LAW AS TO BE FREE FROM DOUBT. EX REL. HILL-v-CT OF, APP. FIFTH DIST. 34 SW 3d 924, 927 (TEX. CRIM. APP 2001).

7

8) HERE THE QUESTION IS WHETHER DEFENSE COUNSEL HAS THE DUTY TO COMMUNICATE THE TERMS OF A FORMAL OFFER TO ACCEPT A PLEA ON TERMS AND CONDITIONS THAT MAY RESULT IN A LESSER SENTENCE, A CONVICTION ON LESSER CHARGE, OR BOTH.

WHEN DEFENSE COUNSEL ALLOWED THE OFFER TO EXPIRE WITHOUT ADVISING THE DEFENDANT OR ALLOWING HIM TO CONSIDER IT, DEFENSE COUNSEL DID NOT RENDER THE EFFECTIVE ASSISTANCE THE CONSTITUTION REQUIRES. MISSOURI-V-FRYE, 311 S.W. 3d 350

THE AMERICAN BAR ASSOCIATION RECOMMENDS DEFENSE COUNSEL "PROMPTLY COMMUNICATE AND EXPLAIN TO THE DEFENDANT ALL PLEA OFFERS MADE BY THE PROSECUTING ATTORNEY," ABA STANDARDS FOR CRIMINAL JUSTICE, PLEAS OF GUILTY 14-3.02 (A) (3d ed 1999), AND THIS STANDARD HAS BEEN ADOPTED BY NUMEROUS STATE AND FEDERAL COURTS OVER THE LAST 30 YEARS. SEE, E.G. DAVIE-V-STATE, 381 S.C. 601, 608-609, 675 S.E. 2d 416, 420 (2009); COTTLE-V-STATE, 733 S.O. 2d 963, 965-966 FLA. (1999); BECTON-V-HUN, 205 W. VA. 139, 144, 516 S.E. 2d 762, 767 (1999); HARRIS-V-STATE, 875 S.W. 2d 662, 665 (TENN. 1994); UNITED STATES V-RODRIGUEZ, RODRIGUEZ, 929 F.2d 747, 752 (CA1, 1991), (PER CURIAM); PHAM-V-UNITED STATES, 317 F.3d 178, 182 (CA2, 2003); UNITED STATE, EX REL. CARUSO-V-ZELIN-SKY, 689 F.2d 435, 438 (CA3, 1982); GRIFFIN-V-UNITED STATES, 330 F.3d 733, 737 (CA6, 2003).

THE STANDARD FOR PROMPT COMMUNICATION AND CONSULTATION IS ALSO SET OUT IN STATE BAR PROFESSIONAL STANDARDS FOR ATTORNEYS, SEE, E.G. FLA. RULE REGULATING BAR 4-1. 4 (2008); ILL. RULE PROF. CONDUCT 1.4 (2011); KAN. RULE PROF. CONDUCT 1.4 (2010); KY. SUP. CT. RULE 3.130, RULE CONDUCT 1.4 (2011); MASS. RULE PROF. CONDUCT 1.4 (2011-2012); MICH. RULE PROF. CONDUCT 1.4 (2011); IN RE RODRIGUEZ, 77 SW. 3d 459 (TEX.-APP. CORPUS CHRIST 2002)

8

9) ORDER OF THE COURT OF CRIMINAL APPEALS.

THE TRIAL COURT SHALL MAKE SPECIFIC FINDINGS OF FACTS AS TO WHETHER TRIAL COUNSEL FAILED TO DISCOVER AND PRESENT EVIDENCE SUPPORTING APPLICANT'S THEORY OF THE CASE.

(EV. H. P. 122-123)   (MS. PEARSON TESTIMONY)
TRIAL ATTORNEY

QUESTIONING BY MR. STEADMAN.

Q - AND DO YOU BELIEVE BASED UPON YOUR ACTIONS THAT YOU FAILED TO DISCOVER AND PRESENT EVIDENCE WHICH SUPPORTED HIS THEORY OF THE CASE, THE SELF-DEFENSE THEORY, THE DEFENSE OF A THIRD PARTY?

A - I-I FEEL LIKE I FAILED TO PRESENT IT PROPERLY.

Q - OKAY DO YOU FEEL --- BUT DO YOU FEEL BASED UPON LOOKING AT THE INFORMATION THAT WAS AVAILABLE THAT YOU FAILED TO DISCOVER AND PRESENT THE EVIDENCE THAT WOULD HAVE SUPPORTED APPLICANT'S DEFENSIVE THEORY OF THIS CASE?

A - YES.

(EV. H. P. 172)

Q - WOULD YOU AGREE WITH ME THAT HAD YOU PRESENTED THE MEDICAL RECORDS THEY COULD HAVE ASSISTED YOU IN DEMONSTRATING TO THE JURY THAT THEY WERE DEFENSIVE IN NATURE?

A - POSSIBLE, YES.

Q - OKAY DID YOU EVER USE THE PICTURES TO DEMONSTRATE TO THE JURY THAT THEY WERE DEFENSIVE IN NATURE?

A - NO.

(EV. H. 176)

Q - THAT WOULD INCLUDE --- BECAUSE YOU NEED THAT EVIDENCE AND INVESTIGATING IT IN ORDER TO PUT ON THE SELF-DEFENSE THEORY TO REFUTE THE EYE WITNESSES OF THE STATE CORRECT?

A - RIGHT

Q - AND YOU DIDN'T DO ANY OF THAT?

A - NO.

9

Q- WHEN I, LOOK AT THIS CASE YOU HAD A DEFENSIVE THEORY CORRECT?

A- YES.

Q- AND YOU HAD WORKED THAT OUT WITH YOUR CLIENT, CORRECT?

A- YES.

Q- DO YOU FEEL THAT YOU FULLY INVESTIGATED THAT DEFENSIVE THEORY?

A- LOOKING BACK ON IT NOW NO. I DIDN'T.

Q- WOULD YOU AGREE WITH ME THAT BECAUSE OF THAT YOU DIDN'T HAVE ADEQUATE OR REASONABLE TRIAL STRATEGY?

A- I WOULD HAVE TO SAY THAT

Q- YOU WOULD AGREE WITH ME?

A- YES.

(EV. H. P. 164-165)

Q- MS. PEARSON, LOOKING AT THIS YOU UNDERSTAND -- YOU WERE HERE PRESENT WHEN MR. MCGUIRE TESTIFIED AS TO SELF DEFENSE BEING A AFFIRMATIVE DEFENSE?

A- YES.

Q- AND YOU UNDERSTAND THAT BASED UPON THE INFORMATION YOU HAD ONE OF THE ONLY WAYS YOU HAD TO GET IN FRONT OF THE JURY, THE ISSUE OF SELF-DEFENSE WAS FOR MR. SALINAS TO TESTIFY?

A- I KNOW THAT NOW. I'M NOT SURE I QUITE UNDERSTOOD THAT IT HAD TO BE THAT WAY AT THE TIME.

Q- OKAY, DO YOU ALSO-- ARE YOU ALSO IN AGREEMENT THAT IS WHY MR. SALINAS WAS INSISTENT UPON TESTIFYING?

A- TODAY. YES!

10

AMONG THE CLAIMS (SALINAS/APPLICANT) BROUGHT IN STATE HABEAS, AND THEN AGAIN IN FEDERAL HABEAS, IS INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL, AT LEASE AS TO THESE CLAIMS, ATTORNEY ERROR'S THAT WAS OBTAIN IN STATE HABEAS HEARING MUST CONSTITUTE CAUSE. THIS IS BECAUSE UNITED STATES LAW AT THE TIME OF SALINAS'S TRIAL, AND THE HEARING ORDERED BY THE COURT OF CRIMINAL APPEAL'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS RELATED TO COUNSEL'S CONDUCT DURING TRIAL, COULD BE BROUGHT ONLY IN STATE HABEAS. SEE WALKER-V-MITCHELL, 224 VA. 568, 571, 299 S.E. 2d 698, 699-70 (1983). IN RE RODRIGUEZ, 77 SW 3d 459 (TEX. APP. CORPUS CHRIST 2002).

APPLICANT ARGUES THAT ATTORNEY ERROR, AND IN HER OWN OMISSION, NOT TO COMMUNICATING A PLEA OFFER DURING TRIAL IS THE FIRST FORUM IN WHICH INEFFECTIVE ASSISTANCE OF COUNSEL CAN BE RAISED IS CAUSE, THE SIXTH AMENDMENT ITSELF REQUIRES THAT RESPONSIBILITY FOR THE DEFAULT BE IMPUTED TO THE STATE. 477 US. AT 488, 106 S.CT AT 2646.

"IN OTHER WORDS, IT IS NOT THE GRAVITY OF THE ATTORNEY'S ERROR THAT MATTERS, BUT THAT IT CONSTITUTES A VIOLATION OF APPLICANT/PETITIONER'S RIGHT TO COUNSEL, SO THAT THE ERROR MUST BE SEEN AS AN EXTERNAL FACTOR i.e. "IMPUTED TO THE STATE." SEE ALSO EVITTS-V-LUCEY, 469 U.S. 387, 105 S.ct. 830, 836-83 L.Ed. 2d 821 (1985). ("~~THE~~

("THE CONSTITUTIONAL MANDATE [GUARANTEEING EFFECTIVE ASSISTANCE OF COUNSEL] IS ADDRESSED TO THE ACTION OF THE STATE IN OBTAINING A CRIMINAL CONVICTION THROUGH A PROCEDURE THAT FAILS TO MEET THE STANDARD OF DUE PROCESS LAW").

NEVEU -V- CULVER, 105 SW 3d 641 (TEX CRIM. APP. 2003).

HILL -V- COURT OF APPEAL'S FOR FIFTH DIST, 34 SW. 3d 924 (TEX. CRIM. APP. 2001).

11

(10) APPLICANT'S SHOWS A SUBSTANTIAL SHOWING OF A CONSTITUTIONAL RIGHT DENIED AND MEETS THE REQUIREMENT OF THE COURT OF CRIMINAL APPEAL'S ORDER AND SPECIFIC FINDINGS OF FACTS THAT IF TRUE, MIGHT ENTITLE HIM TO RELIEF. EX PARTE MARTIN SALINAS RE, NO. WR-73-707-01. STRICKLAND -V- WASHINGTON, 466 U.S. 608 (1984).

## MANDAMUS -10

TO ESTABLISH ENTITLEMENT TO MANDAMUS RELIEF, THE APPLICANT/ RELATOR MUST HAVE A CLEAR RIGHT TO THE RELIEF SOUGHT, MEANING THAT THE MERITS OF THE RELIEF SOUGHT ARE BEYOND DISPUTE.

THE REQUESTED MANDAMUS RELIEF, NOTICE AND OPPARTUNITY TO INVESTIGATE THE EVIDENCE IS AN ESSENTIAL PART OF APPLICANTS RIGHT TO A FAIR TRIAL AND EFFECTIVE REPRESENTATION BY COUNSEL, AND CONSTITUTIONAL DUE PROCESS TO PROVISIONS OF ARTICLE 1 SECTION 10 AND 19 OF THE STATE OF TEXAS, AND FIFTH, SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### MANDAMUS RELIEF:

MANDAMUS RELIEF MAY BE GRANTED IF THE RELATOR/APPLICANT SHOWS THE FOLLOWING (1) THAT THE ACT SOUGHT TO BE COMPELLED IS PURELY MINISTERIAL AND (2) THAT THERE IS NO ADEQUATE REMEDY AT LAW. NEVEU, 105 SW. 3d AT 642. (CITING STATE .EX REL ROSENTHAL, -V- POE 98 SW. 3d 194, 198 (TEX. CRIM. APP 2003). ADDITIONALLY, THE RELATOR/APPLICANT MUST HAVE A "CLEAR RIGHT TO THE RELIEF SOUGHT" MEANING THAT THE MERITS OF THE RELIEF SOUGHT ARE "BEYOND DISPUTE", IN RE RODRIGUEZ, 77 SW. 3d AT 461, THE REQUIREMENT OF A CLEAR LEGAL RIGHT NECESSITATES THAT THE LAW PLAINLY DESCRIBES THE DUTY TO BE PERFORMED SUCH THAT THERE IS NO ROOM FOR THE EXERCISE OF DISCRETION. Id. WINTERS -V- PRESIDING JUDGE, 118 SW. 3d 773 (TEX. CRIM. APP. 2003).

WHEREFORE, PREMISES CONSIDERED, MARTIN SALINAS PRAYS THAT THIS HONORABLE COURT GRANTS, MOTION APPLICATION FOR WRIT OF MANDAMUS, AND GRANT HIM A NEW TRIAL, ON THE MERITS, OF HIS 11.07 HABEAS CORPUS APPLICATION, OR ON THE ABOVE MOTION.

_Martin Salinas_
MARTIN SALINAS -PRO-SE
RELATOR/APPLICANT

EX PARTE

MARTIN SALINAS

VS

THE 216TH DISTRICT
COURT OF KERR
COUNTY, TEXAS

COURT OF

CRIMINAL APPEALS

AUSTIN, TEXAS.
TRAVIS COUNTY, TEXAS

## INMATE DECLARATION

I MARTIN SALINAS, AM THE RELATOR/APPLICANT, AND PRESENTLY INCARCERATED IN, ALL RED UNIT-2101 F.M. 369, N. IOWA PARK, TX. 76367, DECLARE UNDER PENALTY OF PERJURY THAT ACCORDING TO MY BELIEF, THE FACTS STATED IN THE ABOVE APPLICATION ARE TRUE AND CORRECT.

SIGNED APRIL 21, 20 15

MARTIN SALINAS — PRO-SE
RELATOR/APPLICANT

## CERTIFICATE
## OF
## SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE APPLICATION FOR WRIT OF MANDAMUS WAS SERVED ON MR CURRY, 216TH DISTRICT ATTORNEY, BY PLACING A COPY IN THE U.S. MAIL ADDRESSED TO: 521 EARL GARRETT, KERRVILLE, TX. 78028, ON THIS THE 21ST DAY OF APRIL 2015

MARTIN SALINAS — PRO-SE
RELATOR/APPLICANT.

13